# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOSHUA DUANE BUTLER,                )
                                    )
                Petitioner,          )
                                    )
v.                                  )   No. 23-CV-433-RAW-GLJ
                                    )
KEVIN LEDBETTER,                    )
                                    )
                Respondent.          )

## OPINION AND ORDER

Plaintiff is a pro se prisoner who is incarcerated at the McIntosh County Jail in Eufala, Oklahoma. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking both habeas and civil rights relief. (Dkt. 1). He lists the respondent as "The State of Oklahoma," however, the correct respondent is Petitioner's custodian, McIntosh County Sheriff Kevin Ledbetter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases. Petitioner apparently is seeking relief from his conviction and sentence in Okmulgee County District Court Case No. CF-19-260 and from the dismissal of his civil rights complaint in this Court.

Because Plaintiff filed his petition while incarcerated, it is subject to sua sponte screening. *See* Habeas Corpus Rule 4 (requiring screening of habeas claims); 28 U.S.C. § 1915A(a) (requiring screening of prisoner civil rights complaints). The Court has carefully reviewed the record and construes Petitioner's pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner alleges Okmulgee County Assistant District Attorney Carmen Rainbolt had a conflict of interest arising from his representation of Okmulgee County Sheriff Eddie Rice in two of Petitioner's cases. Petitioner asserts Rainbolt prosecuted him in Okmulgee County District Court Case No. CF-2019-260. Rainbolt also allegedly represented Rice in Petitioner's civil rights case in

this Court's Case No. CIV 21-231-RAW-SPM.[1] Petitioner claims he was "railroaded" into walking away from his civil rights claim and agreeing to a 35-year suspended sentence in Okmulgee County District Court Case No. CF-2019-260, all to the benefit of Sheriff Rice. (Dkt. 1 at 1-2).

Petitioner also claims his defense counsel and Rainbolt assured him that his crime in Case No. CF-2019-260 was not an "85% violent" crime, however, it allegedly is a "50% violent" crime. Therefore, Petitioner claims he signed his plea agreement under false pretenses. He further contends his defense counsel was ineffective in leading him to think his crime was a "33% non-violent crime." *Id.* at 2-3.

Because ADA Rainbolt's actions allegedly affected both the state criminal case and the federal civil rights case, Petitioner wants to rescind his plea and remand his criminal case back to Okmulgee County Case No. CF-19-260 to have a fair trial. On December 18, 2023, Plaintiff raised his claim alleging the ADA's alleged conflict of interest in a "motion to rescind plea" in Case No. CF-19-260. *See* Oklahoma State Courts Network at www.oscn.net.[2] The record shows the motion to rescind his plea in Case No. CF-2019-260 was denied on January 3, 2024. *Id.* After careful review, it appears Petitioner has not exhausted this claim by appealing it to the Oklahoma Court of Criminal Appeals. Therefore, this habeas corpus claim is DISMISSED WITHOUT PREJUDICE for failure to exhaust the claim before raising it before this Court. *See* 28 U.S.C. 2254(b)(1)(A).

Regarding this Court's Case No. CIV 21-231-RAW-SPM, Petitioner apparently wants this civil rights case reopened for a fair trial. If Petitioner actually is referencing Case No. CIV 20-231-RAW-SPS, it is a closed civil rights case that is not proper for a federal petition for a writ of habeas

---

[1] Petitioner does not have a case with this case number. He, however, was the plaintiff in *Butler v. Rice*, No. 20-231-RAW-SPS (E.D. Okla. Sept. 10, 2021) (dismissed for failure to state a claim upon which relief can be granted). Rainbolt did not represent the Sheriff Rice in that case.

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

corpus.³ Therefore, Petitioner's claim concerning his civil rights case is DISMISSED WITHOUT PREJUDICE as inappropriate for this lawsuit.

ACCORDINGLY,

1. McIntosh County Sheriff Kevin Ledbetter is substituted as the proper respondent for this action.

2. Petitioner's habeas corpus claim concerning Okmulgee County District Court Case No. CF-19-260 is DISMISSED WITHOUT PREJUDICE.

3. Petitioner's civil rights claim concerning this Court's Case No. CIV 20-231-RAW-SPS is DISMISSED WITHOUT PREJUDICE.

4. This habeas corpus petition is DENIED WITHOUT PREJUDICE.

Dated this 16th day of January, 2024.

*Ronald A. White*
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

³ The Court notes that in this Court's Case No. CIV 20-231-RAW-SPS, Petitioner has filed two motions for reconsideration (Dkts. 52, 53).